FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 26, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| PAUL SHIELDS, | ) | |
| | ) | No.  CV-16-0192-JLQ |
| Plaintiff, | ) | |
| | ) | ORDER RE: MOTION |
| vs. | ) | TO DISMISS |
| | ) | |
| WILMINGTON TRUST, N.A., | ) | |
| OCWEN LOAN SERVICING, and | ) | |
| NORTH CASCADE TRUSTEE | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

BEFORE THE COURT is Defendant Ocwen's Motion to Dismiss (ECF No. 6). Defendant North Cascade joins in the Motion (ECF No. 16). Plaintiff has filed responses to both the Motion and the Notice of Joinder. (ECF No. 14 & 24). No reply briefs were filed. The court heard telephonic argument on August 11, 2016. Andrew Biviano appeared for Plaintiff. Renee Parker argued the Motion for Ocwen. Gregory Morphew appeared on behalf of North Cascade. At the conclusion of the hearing, Plaintiff sought leave to file a supplemental brief. The court has considered the supplemental briefs submitted by Ocwen and Plaintiff. (ECF No. 32 & 33).

**I.  Introduction and Procedural History**

This action was filed in state court on May 20, 2016, and removed to this court on June 3, 2016. The Complaint names three Defendants: 1) Wilmington Trust, N.A., 2) Ocwen Loan Servicing, and 3) North Cascade Trustee Services. No Defendant has answered the Complaint. The Notice of Removal, filed by Ocwen "and U.S. Bank Trust, N.A." states that Wilmington Trust, N.A. was a misnomer, and the proper Defendant

ORDER - 1

should have been U.S. Bank Trust.  (ECF No. 1, p. 1-2).

Ocwen filed the Motion to Dismiss on behalf of itself and U.S. Bank.  Therein, Ocwen stated that it "services the Loan on behalf of U.S. Bank Trust, N.A.". (ECF No. 6, p. 3).  The Motion also stated the Loan at issue was transferred to Wilmington Trust by Assignment dated March 10, 2015. (*Id*. at 3).  The Motion does not state when the Loan was allegedly transferred from Wilmington Trust to U.S. Bank.  A Notice of Default, prepared by North Cascade on November 9, 2015, and attached to Plaintiff's Complaint at Exhibit P, lists Wilmington Trust, N.A., as Trustee of ARLP Securitization Trust, Series 2014-2, as the Note Owner. (ECF No. 1-1, Ex P)  Two weeks after filing the Motion to Dismiss, Ocwen filed a Supplement (ECF No. 12), in which it seeks to correct the Motion by eliminating the contention that it is the current servicer of the Loan, and instead states "Caliber Home Loans, Inc." is the servicer.

Plaintiff filed a Response (ECF No. 14) to the Motion on July 1, 2016, and therein argues that U.S. Bank should not be heard on the Motion as it has "not established that it has any interest in the loan". (*Id*. at 6).  Concerning the proper holder of the note, Plaintiff's Response states: "as of June 27, 2016, the Spokane County Auditor's records show no assignment from Wilmington Trust to U.S. Bank." (*Id*. at 7).

Just hours after Plaintiff's Response was filed, Defendant North Cascade filed a Notice of Joinder (ECF No. 16) in Ocwen's Motion.  North Cascade also filed over 100 pages of additional exhibits.  On July 22, 2016, Plaintiff filed a Response to the Notice of Joinder. (ECF No. 24).  This Response raises additional issues about the uncertainty of the proper parties: "Adding to the already unclear interests of the parties that have appeared, North Cascade now states in its brief that the loan in question is owned by Deutsche Bank." (ECF No. 24, p. 2).  Plaintiff further contends that Wilmington Trust, N.A., has failed to appear and is in default.

Neither Ocwen or North Cascade filed a reply brief, and thus neither Defendant responded to Plaintiff's claims that U.S. Bank lacks standing and that Deutsche Bank's

ORDER - 2

interest is unsubstantiated.  After the conclusion of the hearing, at which North Cascade could not at that time provide an answer the court's inquiry as to why Deutsche Bank was named in its brief, counsel filed a Declaration (ECF No. 28) stating that the reference to Deutsche Bank was in error.   It appears from Plaintiff's Response (ECF No. 24), that Plaintiff may seek to file an Amended Complaint to add or remove parties.

## II. Discussion

The uncertainty of the record, specifically concerning the proper parties, and the procedural irregularities with the filing of the Motion preclude the court from issuing a dispositive ruling.  Both Ocwen and North Cascade supplemented the record after the Motion was filed with new information concerning factual allegations, and neither Ocwen or North Cascade filed a reply brief addressing Plaintiff's contention that U.S. Bank is not a party and therefore cannot advance a motion. "The art of advocacy is not one of mystery.  Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court." *Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).  The parties' briefing to date has not presented a cogent picture of the entities involved in this dispute.

The three attorneys who appeared at the hearing in this matter should be able to confer and determine the current holder of the note and the current loan servicer.  Plaintiff has stated documentary evidence of such has not been forthcoming.  As Ocwen contends Wilmington Trust, N.A., is no longer the holder of the note and that Ocwen is no longer the servicer, replaced by Caliber Home Loans, the court expects that counsel for Ocwen has conducted an adequate factual investigation to support those contentions. Documentary evidence supporting those contentions should have been provided as part of the Rule 26(a)(1) initial disclosures.  Pursuant to the court's Scheduling Order, initial disclosures were to have been made by July 11, 2016.  Plaintiff has stated that he has not received any documentation confirming that U.S. Bank is the holder of the note, and the letter he received "ostensibly" confirming Caliber Home Loans is not the servicer

ORDER - 3

actually referenced "an unknown borrower not involved in this action." (ECF No. 32, p. 2). As outlined above, the uncertainty as to the proper parties, incomplete briefing, and untimely factual supplementation of the Motion to Dismiss, do not make a dispositive ruling appropriate at this time. The court will not discuss the merits of the Motion as to the state law claims, but will briefly address the only federal claim, the Fair Debt Collection Practices Act claim.

### A. Failure to State a Claim under Fair Debt Collection Practices Act

Defendant Ocwen argues that non-judicial foreclosure proceedings are not attempts to collect a debt under the FDCPA, 15 U.S.C. § 1692 et seq. The court indicated at oral argument that there was potential merit to Defendants' argument. The FDCPA claim is the only federal claim, and if dismissed, the court would likely decline supplemental jurisdiction over the remaining state law claims. Ocwen relies on *Mansour v. Cal-Western Reconveyance*, 618 F.Supp.2d 1178 (D.Arizona 2009). Plaintiff argues that this is not controlling authority, and the *Mansour* opinion acknowledged the Ninth Circuit had not resolved the issue. The *Mansour* opinion relies on Fifth Circuit authority, *Perry v. Stewart Title*, 756 F.2d 1197, 1208 (5th Cir. 1985)("The legislative history of 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned"). Other courts have agreed with the Fifth Circuit. See for example *Fenello v. Bank of America*, 577 Fed.Appx. 899 (11th Cir. 2014)(loan servicer, Bank of America, was not a "debt collector" under 1692g because its debt collection activity involved a debt that was not in default at the time Bank of America became the servicer).

*Mansour* was decided in 2009, and at oral argument the court raised the Ninth Circuit's opinion in *Schlegel v. Wells Fargo Bank*, 720 F.3d 1204 (9th Cir. 2013), which had not been addressed in the briefing. Plaintiff asked to submit supplemental briefing, and the court allowed both sides to submit additional briefs. (ECF No. 31). In *Schlegel*

ORDER - 4

the Ninth Circuit found the Plaintiff had failed to make sufficient allegations that Wells Fargo was a debt collector to state a claim under the FDCPA. The court stated: "The complaint's factual matter, viewed in the light most favorable to the [Plaintiffs], establishes only that the debt collection is some part of Wells Fargo's business, which is insufficient to state a claim under the FDCPA." *Id.* at 1208.

Plaintiff now concedes that it cannot state an FDCPA claim against the note holder. (Plaintiff's Supp. Brief, ECF No. 32 at p. 3)("Plaintiff's FDCPA claims against banks that hold or have held the note on the home should, therefore be dismissed."). However, Plaintiff maintains that its FDCPA claim against Ocwen and North Cascade is properly stated. The issue of the viability of FDCPA claims in the context of mortgage foreclosure is not settled. See for example *Glazer v. Chase Home Fin. LLC*, 704 F.3d 646 (6th Cir. 2013)("we hold that mortgage foreclosure is debt collection under the Act."). Additionally, there are cases where FDCPA claims have been allowed to go forward against loan servicers. See for example *Lang v. Ocwen Fin.Serv.Inc.*, 2011 WL 1303749 at *8 (D.Mont. 2011)("The Court concludes that these allegations are sufficient to state a plausible claim under the FDCPA. Whether Ocwen is a debt collector or instituted debt collection activities raises legal and factual questions not properly determined on a motion to dismiss.").

Ocwen's Supplemental Brief (ECF No. 33) requests the court to dismiss the FDCPA claims with prejudice. However, even if the court were to agree the Complaint should be dismissed as to Ocwen and North Cascade, it would dismiss with leave to amend. It is not clear given the authorities cited, that amendment would be futile. Further, it is not clear, given the lack of clarity in the instant record, whether the proper parties are before the court, or whether Ocwen's argument as to FDCPA claim is meritorious. Plaintiff has conceded the issue as to Wilmington Trust, N.A., and therefore the court will dismiss that claim.

ORDER - 5

**IT IS HEREBY ORDERED**:

1. The Motion to Dismiss (ECF No. 6) is **GRANTED** only as to the FDCPA claim against Defendant Wilmington Trust, N.A., and is **OTHERWISE DENIED** for the reasons set forth herein.

2. The court hereby grants Plaintiff leave to file an Amended Complaint. Any such Amended Complaint **shall be filed within 14 days** of the date of this Order.

3. The parties are directed to meet and confer **within 7 days** of the date of this Order in an effort to identify the proper parties to this action. Such meeting may be telephonic. The parties are also directed, in accord with Rule 26 Initial Disclosure requirements, to exchange any non-privileged documentation supporting their contentions as to the proper parties.

**IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to counsel.

Dated this 26th day of August, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6